CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 24 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN TE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN JONES, | ) | CASE NO. 4:11CV00046 |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | By:  B. Waugh Crigler |
| Defendant. | ) | U.S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's September 25, 2008 protectively-filed applications for disability and disability insurance benefits and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

Plaintiff filed his first applications for disability and disability insurance benefits and supplemental security income on January 24, 2007. (R. 14.) These claims were initially denied on March 30, 2007, and then again upon reconsideration on June 15, 2007. (*Id.*) No further administrative or judicial review ensued.

On January 25, 2008, plaintiff filed a second set of applications for disability and disability insurance benefits and supplemental security income. (*Id.*) These claims were denied on initial

review on April 4, 2008, and upon reconsideration on June 19, 2008. (*Id.*) Plaintiff did not request a hearing before an Administrative Law Judge ("Law Judge"), and neither the Appeals Council nor the court reviewed the denial. (*Id.*)

On September 25, 2008, plaintiff protectively-filed a third set of applications for disability and disability insurance benefits and supplemental security income. (*Id.*) These claims were denied initially on June 4, 2009, and again on reconsideration on December 23, 2009. (R. 14.) Plaintiff requested a hearing, and a video hearing was held before a Law Judge on July 6, 2010. (R. 28-87.)

In a decision issued on July 29, 2010, the Law Judge found that *res judiciata* applied to the June 19, 2008 determination denying benefits. (R. 17.) Plaintiff's claim for disability insurance benefits through June 19, 2008 was dismissed on the basis that his date last insured was March 31, 2008. (R. 19.) The Law Judge adjudicated plaintiff's claim for SSI benefits beginning June 20, 2008. (R. 19-27.)

The Law Judge initially found that plaintiff had not engaged in substantial gainful activity since June 20, 2008, the day after the final determination on his previous supplemental security income application. (R. 19.) The Law Judge determined that plaintiff suffered the following severe impairments: obesity and osteoarthritis of the neck, back, right hip and knees. (*Id.*) The Law Judge did not believe that plaintiff had suffered an impairment or combination of impairments which met or medically equaled a listed impairment since June 20, 2008. (R. 20.) The Law Judge found that, prior to April 18, 2009, plaintiff maintained the residual functional

2

capacity ("RFC") to perform sedentary work[1], except that he was limited to only occasional balancing, stooping and climbing on ramps and stairs. (R. 20-21.) He further found that plaintiff needed to avoid all other postural activities and required the use of a cane for uneven terrain and long distance walking. (R. 21.) The Law Judge concluded that, beginning on April 18, 2009, plaintiff possessed the RFC to perform sedentary work, except that he was limited to only occasional balancing, stooping and climbing on ramps and stairs, must avoid all other postural maneuvers, and required the use of a cane at all times. (R. 24.) The Law Judge found that, since June 20, 2008, plaintiff had been unable to perform any of his past relevant work[2]. (R. 25.) However, by application of the Medical-Vocational Guidelines ("grids")[3], and based upon testimony from the VE who testified at the hearing, the Law Judge concluded that prior to April 18, 2009, jobs were available in substantial numbers in the national economy that he could have performed. (*Id.*) Even so, beginning on April 18, 2009, the Law Judge concluded that no jobs were available in substantial numbers in the national economy that a person with plaintiff's RFC could perform. (R. 26.) Therefore, the Law Judge ultimately found that plaintiff was not disabled prior to April 18, 2009, but that he became disabled on that date and continued to be disabled through the date of his July 29, 2010 decision. (R. 27.) Thus, plaintiff was awarded

---

[1] "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 416.967(a).

[2] The Law Judge noted that plaintiff's past relevant work included the following: furniture manufacturer, dump truck driver, production worker, mover, pizza delivery man, textile worker, fireproof insulator, and stocker. (R. 25.)

[3] The grids, located at 20 C.F.R. Part 404, Subpart P, Appendix 2, are tables "'that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's residual functional capacity, *i.e.*, his maximum capacity for sustained performance of the physical and mental requirements of the job.'" *Christmas v. Astrue,* 2010 WL 1027492, *3 n. 4 (W.D.Va. March 17, 2010) (quoting *Hall v. Harris,* 658 F.2d 260, 265 (4th Cir. 1981)).

3

SSI benefits effective April 18, 2009, but his claim for insured benefits was denied by application of *res judicata*.

Plaintiff appealed the Law Judge's July 29, 2010 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 1-3.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred in dismissing his claim for disability benefits prior to June 18, 2008 on the basis of *res judicata*. (Pl's Brief, pp. 14-18.) Specifically, plaintiff contends that 20 C.F.R. § 404.989 "mandated" a reopening because there was new and material evidence presented to the Law Judge. (Pl's Brief, p. 14.) Specifically, he asserts that records from Leon M. Grigoryev, M.D., Paul C. Sparks, M.D., and W. C. McCarty, M.D. were new and material. (Pl's Brief, pp. 16-18.)

4

*Res judicata*, or claim preclusion, "bars 'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *United States v. Tohono O'Odham Nation*, —— U.S. ——, 131 S.Ct. 1723, 1730 (2011) (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)). The purpose of this doctrine is to "'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 326 (4th Cir. 2007) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The "fundamental and familiar principles of *res judicata* apply in Social Security disability cases." *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391, 1392 (4th Cir. 1987).

In *McGowen v. Harris*, 666 F.2d 60 (4th Cir. 1981), the Fourth Circuit Court of Appeals held that the Commissioner has the power to apply administrative *res judicata* to bar any social security claim that previously was denied on the merits by a final administrative decision. *Id.* at 65. The court went on to say, "An earlier administrative decision at any level in the adjudicative process may be final and therefore properly treated as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or review, or judicial review has not been timely sought." *Id.* Even so, *res judicata* applies only to the "same claim" which was earlier denied. *Id.* As a result, the court lacks jurisdiction under 42 U.S.C. § 405(g) to engage in judicial review of the Commissioner's decision not to reopen the claim or to bar the subsequent claim on the basis of administrative *res judicata*. *Id.* There are two exceptions to this general rule: First, the court does have jurisdiction to entertain a constitutional objection related to the claim or process. *Id.* Second, where the subsequent claim has been "reconsidered on the merits to any extent and at any administrative

5

level," the Commissioner will be considered to have constructively reopened the case, and the court then may engage in judicial review to the extent of the reopening.[4] *Id.* at 65–66.

As noted above, plaintiff filed his second applications for disability and disability insurance benefits and supplemental security income on January 25, 2008. (R. 14.) These claims were denied initially on April 4, 2008, and then upon reconsideration on June 19, 2008. (*Id.*) Plaintiff did not request a hearing before a Law Judge. (*Id.*) A reconsideration determination becomes binding unless the claimant or any other party to the reconsideration requests a hearing before a Law Judge within the stated time period and a decision is made. *See* 20 C.F.R. § 404.921(a). Plaintiff sought no further administrative review; thus, the June 19, 2008 reconsideration determination became final with its preclusive effects.

A decision to reopen prior applications on the administrative level is discretionary. According to the regulations, a prior determination "*may* be reopened" "[w]ithin four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989[5], to reopen the case." 20 C.F.R. § 404.988 (italics added). Thus, contrary to plaintiff's argument, reopening disability determinations is not mandatory.

As to Dr. Grigoryev's March 2007 evidence (R. 471-475), the record reveals that this opinion was considered with the January 2007 applications. (R. 17, 100.) In his July 29, 2010 decision, the Law Judge addressed Dr. Grigoryev's opinion and found that it was not new

---

[4] The Law Judge did not reopen the claim when addressing the evidence submitted with the most current applications. Although the Law Judge considered various historical medical records and reports for the purpose of determining whether plaintiff became disabled after June 19, 2008, the undersigned does not believe that consideration of this evidence for its impact on plaintiff after the bar date constituted a reopening of the prior claims. Rather, it demonstrates that the Law Judge was making every effort to weigh this evidence in a contextual setting.
[5] Under the regulations, the Social Security Administration will find good cause to reopen a prior disability determination or decision if there is new and material evidence. *See* 20 C.F.R. § 404.989.

6

because it was explicitly considered in conjunction with his 2007 applications. (R. 17.) The Law Judge also found that the physician's opinion was not material because it raised the same conditions and issues reviewed back in 2008. (R. 19.)

As to the records from Drs. Sparks and MacCarty (R. 457-463), these records were also not new. The record reveals that they were considered along with plaintiff's 2007 applications. (R. 100.) The record also reveals that the Law Judge discussed them in his July 29, 2010 decision as well. (R. 17-18.)

Next, plaintiff argues that it was error for the Law Judge not to find that he was disabled prior to June 18, 2008. (Pl's Brief, pp. 18-19.) Specifically, plaintiff contends that the Law Judge relied on the opinion offered by Ericka Young, D.O. in finding that he was disabled, yet Dr. Grigoryev's 2007 opinion was "virtually the same" and rendered him disabled before his insured status expired. (Pl's Brief, p. 19.) Thus, plaintiff concludes that the only "rational conclusion" for this court to reach is that he is entitled to benefits from March 26, 2007 to the present and continuing. (*Id.*) The undersigned disagrees.

As noted above, the Law Judge correctly determined that the doctrine of *res judicata* applied to the period through June 19, 2008. Thus, plaintiff cannot be found to be disabled prior to this date. The undersigned further finds that, even if this were not the case, the limitations assessed by Dr. Grigoryev were not identical to those found by Dr. Young. Specifically, the record reveals that Dr. Grigoryev's March 2007 opinion was that plaintiff could walk on level terrain for short distances without a cane, and when walking moderate to long distances, he "may" need to use a cane. (R. 474.) The physician further opined that he would need to use a cane when walking on uneven terrain for short to moderate distances. (*Id.*) In contrast, Dr.

7

Case 4:11-cv-00046-JLK-BWC Document 17 Filed 07/24/12 Page 7 of 8 Pageid#: 622

Young opined on April 18, 2009, that plaintiff should "probably use a cane at all times." (R. 518.)

The undersigned finds that the limitations assessed by Drs. Grigoryev and Young are qualitatively different. As noted by the Commissioner in the brief filed in support of his motion for summary judgment, the difference is evident in the testimony provided by the VE. Specifically, the VE testified at the July 6, 2010 hearing that the required use of a cane at all times precluded all employment, whereas only periodic use of the cane did not. (R. 79.) Accordingly, plaintiff's argument lacks merit.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

7/24/12
Date